UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>Julie Stokes-Diggs, )<br>)<br>Debtor. )<br>_____ )<br>)<br>Julie Stokes-Diggs, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>One West Bank, FSB and )<br>GMAC Mortgage, LLC, )<br>)<br>Defendants. )<br>) | Case No. 12-10128C-13G<br><br><br><br><br><br><br><br>Adversary No. 12-2006 |

<u>OPINION AND ORDER</u>

This adversary proceeding came before the court on May 8, 2012, for hearing on a motion by One West Bank, FSB ("One West Bank") to be allowed to file an answer after the date on which an answer was due. Neil D. Jonas appeared on behalf of One West Bank and Sean Thomas Dillenbeck appeared on behalf of the plaintiff. After reviewing the motion, the plaintiff's response in opposition to the motion and the other matters of record in this adversary proceeding, the court has concluded for the reasons that follow that the motion should be granted.

This adversary proceeding was commenced on March 13, 2012. Summons was served by mail on One West Bank on March 23, 2012. The answer from One West Bank was due on April 13, 2012. One West Bank failed to file an answer by that date, but did file the motion to

be allowed to file an answer ten days later on April 24, 2012. The motion has attached a proposed answer which responds to the allegations in the complaint and sets forth an affirmative defense. The plaintiff has objected to the motion and requests that the court deny the motion and enter default and a default judgment against One West Bank.

In deciding how to proceed in this adversary proceeding, the court should be guided by Federal Rule 55(c) which is made applicable in this proceeding by Bankruptcy Rule 7055. Rule 55(c) provides as follows:

> (c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

Even though no default or default judgment has yet been entered, this provision is applicable because if an entry of default or default judgment were entered, relief could be sought under Rule 55(c). See Fleet Factors Corp. v. Roth, 172 B.R. 777, 780 n.4 (Bankr. S.D.N.Y. 1994). Thus, whether the motion of One West Bank should be granted rather than entering default against One West Bank as requested by the plaintiff, depends upon whether One West Bank has shown "good cause" for allowing a late filed answer.

The "good cause" standard applied to a Rule 55(c) motion to set aside an entry of default is more lenient than the "excusable neglect" standard applied in Rule 60 motions. Feliciano v. Reliant Tool Co., Ltd., 691 F.2d 653, 656 (3d Cir. 1982); Wainwright's

Vacations, LLC v. Pan Am. Airways Corp., 130 F. Supp. 2d 712, 717 (D. Md. 2001). In the Fourth Circuit, "good cause" under Rule 55(c) exists when "the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). A meritorious defense is established when the movant makes "a presentation or proffer of evidence, which if believed, would permit the Court or the jury to find for the defaulting party." Id. Additional factors to consider are "the personal responsibility of the party [as compared to his counsel], the prejudice to the [opposing] party, whether there is a history of dilatory action and the availability of less drastic sanctions." Id. at 728. Rule 55(c) should be "liberally construed" in favor of deciding cases on the merits. Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).

Here One West Bank filed its motion and an objection to the entry of default or a default judgment within ten days after the date on which an answer was due which constituted reasonable diligence. At the same time, One West Bank also filed a proposed answer which sets forth a meritorious defense to the claim alleged against One West Bank in the plaintiff's complaint. While it is not entirely clear from the record who was responsible for the failure to file a timely answer, there are additional factors that weigh in favor of One West Bank. There is no indication that the

plaintiff would be prejudiced by allowing One West Bank to file answer rather than granting a default judgment. Even though this means that the plaintiff will have to prove her case, this is not an undue burden that constitutes prejudice in the context of whether relief should be granted under Rule 55(c). See <u>Official Comm. of Unsecured Creditors v. Fin. Part Int'l S.A. (In re Frisby Techs., Inc.)</u>, No. 03-50158, AD. 03-6090, 2003 WL 22127904, at *3 (Bankr. M.D.N.C. Sept. 15, 2003)(Aron, J.)(citing <u>Johnson v. Dayton Elec. Mfg. Co.</u>, 140 F.3d 781, 785 (8th Cir. 1998)). There likewise is no indication of a history of dilatory tactics on the part of One West Bank and, finally, allowing One West Bank to file an answer rather than being defaulted is consistent with the policy that when possible, litigation should be decided on the merits.

In accordance with the foregoing findings and conclusions, the court hereby grants One West Bank's Motion to Allow Defendant One West Bank, FSB to File Answer after Date Originally Set for Answer Deadline and ORDERS that One West Bank shall have to and including May 23, 2012, within which to file an answer in this adversary proceeding.

This 9th day of May, 2012.

*William C. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

- 4 -

PARTIES IN INTEREST

Neil D. Jonas, Esq.
2550 W. Tyvola Road, Suite 520
Charlotte, NC 28217

Sean T. Dillenbeck, Esq.
324 S. Elm Stret, Suite 300
Greensboro, NC 27401